UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                Case No. 8:15-cr-507-T-33MAP

CHRIS J. MCDONALD, SR.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Chris McDonald's Motion for Reconsideration of Order of Forfeiture and Criminal Monetary Penalties (Doc. # 190), which was filed on April 4, 2018. The Government filed a Response in Opposition to the Motion (Doc. # 196) on April 23, 2018. The Court denies the Motion as follows.

**Discussion**

McDonald, along with a co-defendant Joseph Lugo, was charged in an Indictment with one count of conspiracy to commit theft of government funds, in violation of 18 U.S.C. § 371, and nine counts of theft of government funds in violation of 18 U.S.C. § 641. (Doc. # 1). The indictment also contained provisions for the forfeiture of real or personal property derived from the charged violations. (Id.). A jury found McDonald guilty of all charged offenses on December 14, 2017. (Doc. # 152).

1

On March 21, 2018, the Court sentenced McDonald to a term of imprisonment of one year and one day, to be followed by a three-year term of supervised release. (Doc. # 181). The Court also ordered the payment of restitution in the amount of $117,952.35. (Id.). Because the conspiracy was carried out by various actors, the Court specified as to the restitution that: "$64,924.00 of this restitution shall be paid jointly and severally with co-defendant Joseph Lugo; Jeanette Hevel convicted in Docket No. 8:15-cr-59-T-33MAP; Robert L. Sanders convicted in Docket No. 8:14-cr-411-T-23AEP; and Thomas A. Hevel convicted in Docket No. 8:16-cr-450-T-33MAP." (Id.). On March 27, 2018, the Court entered its Judgment reflecting McDonald's sentence; however, that Judgment contained a scrivener's error. Specifically, the Judgment cited the relevant statute of conviction as 18 U.S.C. § 6412, rather than 18 U.S.C. § 641. The Court filed a Corrected Judgment on April 2, 2018. (Doc. # 187). That Judgment accurately depicted the relevant statute and McDonald's sentence.

On April 3, 2018, McDonald filed a Notice of Appeal and Motion for Appointment of Counsel. (Doc. # 188). Thereafter, on April 4, 2018, McDonald filed the instant Motion for Reconsideration. (Doc. # 190). In the Motion for Reconsideration, McDonald challenges the manner in which the

2

Court imposed restitution and argues "[f]ailure to impose restitution equal to all of the aforementioned defendants creates a sentencing disparity." (Id. at 2). The Court denies the Motion for Reconsideration based on a lack of jurisdiction. The Notice of Appeal was an act of jurisdictional significance and divested this Court of jurisdiction over the case. See United States v. Tovar-Rico, 61 F.3d 1529, 1532 (11th Cir. 1995)("The district court was divested of jurisdiction over the proceeding once the government filed a timely notice of appeal of the court's order granting Tovar's motion to suppress evidence.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Chris McDonald's Motion for Reconsideration of Order of Forfeiture and Criminal Monetary Penalties (Doc. # 190) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 25th day of April, 2018.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE